CLERKS OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

OCT 2 2019

JULIA C. DUDLEY, CLERK
BY: s/ MARTHA L. HUPP
     DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Danville Division

| | | |
|---|---|---|
| LINDSEY C., | ) | |
|     Plaintiff, | ) | Civil Action No. 4:19cv00006 |
| | ) | |
| v. | ) | REPORT & RECOMMENDATION |
| | ) | |
| ANDREW M. SAUL, | ) | By:   Joel C. Hoppe |
| Commissioner of Social Security, | ) |        United States Magistrate Judge |
|     Defendant.[1] | ) | |

I. Background

Plaintiff Lindsey C.[2] asks this Court to review the Commissioner of Social Security's final decision partially denying her claim for supplemental security income under Title XVI of the Social Security Act. Lindsey challenges the Administrative Law Judge's ("ALJ") residual functional capacity determination, as well as her conclusion that Lindsey's disability ended on December 1, 2016. *See* Pl.'s Br. 3–10, ECF No. 14. On September 20, 2019, the Commissioner filed an unopposed Motion for Remand under sentence four of 42 U.S.C. § 405(g). ECF No. 18. The Commissioner contends that remand is necessary so that the ALJ may further evaluate the evidence of record. Counsel for the Commissioner represents to the Court that Lindsey consents to the motion to remand.

This Court has authority to decide Lindsey's case under 42 U.S.C. § 405(g), and her case is before me by referral under 28 U.S.C. § 636(b)(1)(B). ECF No. 12. After reviewing the

---

[1] Andrew M. Saul became Commissioner of Social Security in June 2019. Commissioner Saul is hereby substituted as the named defendant in this action. *See* 42 U.S.C. § 405(g); Fed. R. Civ. P. 25(d).

[2] The Committee on Court Administration and Case Management of the Judicial Conference of the United States has recommended that, due to significant privacy concerns in social security cases, federal courts should refer to claimants only by their first names and last initials.

parties' filings and the applicable law, I recommend that the Court grant the Commissioner's Motion to Remand.

## II. Discussion

The Commissioner seeks a "sentence four" remand in this case. The fourth sentence in 42 U.S.C. § 405(g) authorizes this Court to affirm, modify, or reverse the Commissioner's final disability determination with or without remanding the cause for further administrative proceedings. Before the Court can exercise that authority, however, it must determine whether the agency has discharged its duty to consider all evidence bearing on the applicant's disability claim. *See Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439 (4th Cir. 1997); *Justice v. Barnhart*, 431 F. Supp. 2d 617, 621 (W.D. Va. 2006). In this case, the Commissioner seeks remand so that she can further evaluate Lindsey's claim of disability.

## III. Conclusion

The Commissioner has requested remand, and Lindsey consents to that request. Accordingly, I find that remand under sentence four is warranted for further evaluation of Lindsey's claim. *See* 42 U.S.C. § 405(g); *Justice*, 431 F. Supp. 2d at 620. Therefore, I respectfully **RECOMMEND** that this Court **GRANT** the Commissioner's unopposed Motion for Remand, ECF No. 15, **REMAND** the case for further administrative proceedings, and **DISMISS** the case from the Court's active docket.

### NOTICE TO PARTIES

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C):

Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations within 14 days could waive appellate review. At the conclusion of the 14 day period, the Clerk is directed to transmit the record in this matter to the Honorable Jackson L. Kiser, Senior United States District Judge.

The Clerk shall send a copy of this Report and Recommendation to the parties.

ENTERED: October 2, 2019

*Joel C. Hoppe*
Joel C. Hoppe
United States Magistrate Judge